# HUNT *against* CRAWFORD

### APPEAL.

A trustee of lands may maintain ejectment for their recovery; and a wrong doer cannot set up the title of the *cestuy que trust,* to defeat the recovery of the trustee.
Upon the death of the trustee, pending the ejectment, his devisees are the proper persons to be substituted as plaintiffs.

APPEAL from the Circuit Court of *Lycoming* county, held by *Justice Kennedy.*

This ejectment was brought in the name of *Jesse Hunt* against *Robert Crawford.* *James Crawford,* being the owner of the land in dispute, a judgment was obtained against him, upon which executions were issued, and the land levied and sold to *Jesse Hunt,* who was then the executor of the will of his father, whose estate he charged with the purchase money; and held the land in trust for his devisees. While this ejectment was pending, *Jesse Hunt* died, having first made a will, by which he devised his real estate, not naming particularly this land in dispute, to his widow and some of his sons. When the cause was ordered for trial, on motion of the plaintiff's counsel, the death of *Jesse Hunt* was suggested, and the devisees named in his will, were substituted; the defendant objecting to such substitution. The following points, put by defendant's counsel, exhibit his defence.

The court is respectfully requested to instruct the jury,

1st. That the will of *Jesse Hunt,* vests no title in the plaintiffs to the land for which the ejectment is brought, which will authorize them to recover in the present suit.

2. That *Jesse Hunt,* executor of *Joseph Hunt,* deceased, having purchased the land in controversy, in trust for the heirs of said decedent, and having charged the purchase money, and expenses in-

(*Hunt v.* Crawford.)

curred in relation to said land, in his administration account of the estate, the present plaintiffs cannot recover.

His Honor answered both these points in the negative; and refused to grant a new trial, because of such direction to the jury. From which the defendant appealed.

*Parsons* and *Anthony* for appellants,

Contended, that the will of *Jesse Hunt,* vested no title to the land in dispute in his devisees; that there was no intention to devise it, expressed in the will. No one but *the party next in interest* can be substituted, upon the death of a plaintiff in ejectment; and the devisees of *Jesse Hunt* had not the interest, but the same was in the devisees of his father *Joseph Hunt.* Cited *Purd. Dig.* 204. *Act of* 13 *April,* 1807 § 3. 7 *Serg. & Rawle,* 203.

*Armstrong* and *Campbell.* For appellees whom the court declined to hear.

PER CURIAM.—The *legal* title was in *Jesse Hunt,* and whether he held it beneficially or in trust, is a matter which can be stirred but by one claiming to be a *cestuy que trust.* In *Pennsylvania* the owner of the equitable title, may undoubtedly maintain ejectment in his own name; but it certainly has not come to be the law, that a recovery cannot be had on the legal title against a third person. In the country from which we derive our laws, a recovery can be had on no other; and it would be strange, even here, if the title of the *cestuy que trust,* might be set up by a wrong doer, to defeat a recovery, by his trustee. The estate of *Jesse Hunt,* then, having passed to the plaintiffs by the will, by words of a devise, as clear as any found in the law, it follows, that the reasons for a new trial are without the show of a foundation in law or reason.

Judgment affirmed.